# C. M. SIMPSON v. PITTSB. LOCOMOTIVE WORKS.

## APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 of ALLEGHENY COUNTY.

Argued November 4, 1890—Decided January 5, 1891.

In an action for negligence causing the death of plaintiff's husband, by the bursting of an emery wheel, there being no evidence showing what caused the wheel to burst, that it was improperly set up, or that there was some defect in it which was known or might by reasonable diligence have been known to defendant company, it was not error to order a compulsory nonsuit.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 125 October Term 1890, Sup. Ct.; court below, No. 215 June Term 1887, C. P. No. 1.

To the number and term of the court below, Catharine M. Simpson brought trespass against the Pittsburgh Locomotive Works, to recover damages for the death of her husband, William J. Simpson, alleged to have been caused by the negligence of defendant company. Issue.

At the trial on February 2, 1888, it was shown that the death of the plaintiff's husband, on June 28, 1886, was caused by the bursting of a newly-erected emery wheel. Among other witnesses called by the plaintiff, Joseph Gilmore, at the time foreman of the defendant company's foundry, under whom the deceased was employed as a molder, testified that the wheel was set up by carpenters who, in his opinion, were not skilled in the work of setting up emery wheels; that witness did not like the way it ran, and went to examine it; that "while so doing, the deceased stepped up and began to grind his rammer on it, making the sparks fly all around the machine. I ordered him away from the wheel, waving my arm to emphasize the order, as I was on the opposite side of the machine from him. As he took his rammer down and stepped back,

---

* See Ford v. Anderson, post, 261.

Opinion of the Court.

the wheel burst. A portion of it struck him in the lower part of the stomach. The wheel had been just erected, and no one had been told to go near it. I ordered him away, as he had no business there."

At the close of the testimony, on motion of defendant the court, COLLIER, J., entered a judgment of nonsuit, with leave, etc.

A rule to show cause, etc., having been argued before the court in banc, on April 19, 1890, the rule was discharged, COLLIER, J., filing an opinion in part as follows:

Since the evidence was furnished us, we have examined it with care, to see if there is any evidence to show that there was anything improper in the construction or setting of the machine. We are compelled to say there is no such evidence. It was constructed and set up in a proper manner, and in a proper place, and for a proper purpose. Nor is there any evidence to show that there was any defect in the emery wheel, which was known, or ought to have been known by reasonable care and diligence. What caused it to burst, no one knows, at least so far as the evidence is concerned. It appears to have been one of those sad and unfortunate accidents the cause of which is unknown. Unless the plaintiff can establish, either that the machine was improperly constructed or set up, or that there was some defect in the emery wheel, which was known or ought to have been known, there can be no recovery. The motion to take off the nonsuit is refused.

—Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In ordering judgment of nonsuit, "on the ground that there is no evidence that there was anything improper in the construction of this machine, or any defect about it which was known, or could have been known by reasonable diligence, by defendants."

*Mr. A. M. Watson* (with him *Mr. James H. Porte*), for the appellant.

*Mr. John Dalzell, Mr. William Scott* and *Mr. Geo. B. Gordon,* for the appellee, were not heard.

PER CURIAM:

Judgment affirmed.